UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERESA WILLIAMS,

            Plaintiff,

v.

CITY OF IRON MOUNTAIN, et al.,

           Defendants,
_____/

Case No. 2:23-cv-32

Hon. Hala Y. Jarbou
Chief U.S. District Judge

## ORDER SETTING DEADLINES FOR DEPOSITION-RELATED MOTIONS

This order sets forth the schedule for filing motions to exclude parties from depositions or portions of depositions under Federal Rule of Civil Procedure 26(c)(1)(e).

Plaintiff — former Iron Mountain Police Officer Teresa Williams — filed suit against the City of Iron Mountain, the Iron Mountain Police Department (IMPD), Director of Police and Fire Services Ed Mattson, Sergeant (Sgt.) Joseph Dumais, and Sgt. Garth Budek on February 13, 2023.  (ECF No. 1.)  In her complaint, Williams alleged that while she was employed with the IMPD from October of 2017 to April of 2022, she was sexually harassed, sexually assaulted, discriminated against based on her gender, and retaliated against.  (*Id.*, PageID.4-18.)  Williams further alleged that following her resignation from the IMPD, Defendants "defamed, targeted, and retaliated against [Williams], as well as her children." (*Id.*, PageID.18-19.)

Defendants filed their answer to Williams's complaint on April 20, 2023. (ECF No. 8.) Following a scheduling conference on May 24, 2023, this Court issued a case management order setting a discovery deadline of December 1, 2023, and a dispositive motion deadline of January 16, 2024. (ECF No. 12, PageID.150.) On June 19, 2023, Williams filed a motion for an Attorney Eyes Only (AEO) protective order. (ECF No. 16.) On August 22, 2023, this Court granted Williams's motion (ECF No. 23, PageID.278) and on September 14, 2023, this Court entered the protective order, prohibiting the disclosure of Williams's medical records and information to anyone other than counsel, expert witnesses, and the Court, unless agreed upon by the parties or ordered by the Court (ECF No. 29, PageID.287-288).

On September 13, 2023, prior to the entry of the protective order, the Court held a telephonic status conference. (*See* ECF No. 28, PageID.185 (Minutes).) During that conference, Defense Counsel noted a "future problem" in this case: whether Defendants can be present while Defense Counsel deposes Williams on the protected information. Plaintiff's Counsel suggested that Defendants cannot be present during those questions, and that a separate transcript should be created that redacts that line of questioning, such that the transcript can be provided to Defendants without running afoul of the protective order.

On October 17, 2023, the Court held another telephonic status conference. (ECF No. 36.) Defense Counsel again noted his plan to depose Williams with Defendants present, and Plaintiff's Counsel again asserted that Defendants should be excluded from the portions of Williams's deposition focused on information covered

by the September 14, 2023, protective order. Plaintiff's Counsel further suggested that Williams's deposition take place via videoconferencing technology.

If Williams wishes to exclude Defendants from her deposition or portions thereof, or to conduct her deposition via videoconferencing technology, then Williams shall file a motion with the Court on or before October 31, 2023. If Williams files a motion to exclude Defendants from her deposition, or to conduct her deposition via videoconferencing technology, then Defendants shall respond to Williams's motion on or before November 7, 2023.

**IT IS SO ORDERED.**

Dated:  October 17, 2023                                             /s/ *Maarten Vermaat*
                                                                                          MAARTEN VERMAAT
                                                                                          U.S. MAGISTRATE JUDGE